# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBBINS HDD, LLC, )
)
        Plaintiff, )
)
  v. ) Case No. 14 C 1977
)
ELITE DIRECTIONAL DRILLING, LLC, )
)
        Defendant. )

## MEMORANDUM ORDER

This Court's brief May 13, 2014 memorandum order ("Order") understated the situation somewhat when it said "the litigants' presentations are extraordinarily confusing." As the just-filed responsive pleading by defendant Elite Directional Drilling, LLC ("Elite") reflects, that confusion is not occasioned solely by what the Order referred to as "the similarity (though not identity) of some of the parties' names involved." Although what is said here does not purport to be exhaustive (counsel for plaintiff Robbins HDD, LLC ("Robbins") is of course responsible for full bore treatment of the new pleading), this sua sponte memorandum order is triggered by several problematic aspects of Elite's purported Affirmative Defenses ("ADs").

To begin with, Elite's counsel states that Elite "did not execute the alleged contract that is attached to the Complaint as Exhibit A."[1] But this Court has reviewed the Contract, and its page 4 is specifically signed manually by Wayne Kalstrom on Elite's behalf as the "Buyer." Hence

---

[1] That document, captioned "General Contract 3650S11/08-29," is referred to here simply as "the Contract."

that AD cannot be viewed as having been advanced in the good faith demanded by Fed. R. Civ. P. 11(b), and it is stricken.

Another unacceptable AD is that listed by Elite's counsel under the boldface heading "**Unenforceability**." Counsel distorts both the meaning and the purpose of Contract ¶ 11 by labeling it as specifying a "cancellation fee" -- here is that provision:

> No orders may be withdrawn or cancelled by Buyer, nor may they be deferred when ready, unless the Manufacturer shall first be paid a cancellation or deferral charge of a reasonable amount acceptable by the Manufacturer. Upon bankruptcy or insolvency of the Buyer, the contract between the parties shall be cancelled.

Everything in the parties' agreement reflects an express purchase and sale of the designated equipment -- there is nothing that even hints that Elite's purchase is somehow conditional, with Elite having the option either to perform or to pay a cancellation charge if it changes its corporate mind. Instead Contract ¶ 11, fairly read, permits Robbins to specify the basis on which <u>it</u> may opt to relieve Elite of its contractual undertaking if Elite were to seek the cancellation of its firm purchase agreement. Because nothing in the document limits Robbins' right to enforce the Contract if Elite fails to honor its unequivocal undertaking to purchase the equipment, the "cancellation fee" notion is bogus, and that purported AD is stricken as well.

Finally, Elite lists under the heading "**Impracticality of Performance**" a statement that "the parties agreed that the Defendant's obligations were expressly subject to its ability to obtain financing." That effort to inject an unspecified condition into such an integrated contract is at odds not only with the common law's parol evidence rule, but more importantly with the express provision of Contract ¶ 16 -- and it also distorts Contract ¶ 14's "Force Majeure" provision, under which the application of ejusdem generis principles to the detailed list of matters there that <u>do</u> excuse performance flatly negates any out based on Robbins' lack of creditworthiness.

Because this Court has already dealt with the inapplicability of the Arkansas litigation as impacting on this action directly, the only AD that remains for potential application in this action is the first one, which deals with mitigation of damages. This Court expresses no views on that score.

                                                            */s/ William D. Shadur*
                                                            Milton I. Shadur
                                                           Senior United States District Judge

Date: May 27, 2014